# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BALMURALI RAJARAMAN,
JACQUELINE HILL, and ANRI
INSURANCE AGENCY, INC.,

                Plaintiffs,

v.

GEICO INDEMNITY COMPANY,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY a/k/a GEICO,
GEICO GENERAL INSURANCE
COMPANY, GEICO CASUALTY
COMPANY, GEICO ADVANTAGE
INSURANCE COMPANY, GEICO
CHOICE INSURANCE COMPANY,
GEICO SECURE INSURANCE
COMPANY, BERKSHIRE HATHAWAY
INC., and GEICO INSURANCE
AGENCY, LLC f/k/a GEICO
INSURANCE AGENCY, INC.,

                Defendants.

Case No. 23-CV-425-JPS

**ORDER**

Plaintiffs Balmurali Rajaraman, Jacqueline Hill, and ANRI Insurance Agency, Inc. (together, "Plaintiffs") filed this action on March 31, 2023, naming the above-captioned Defendants, in addition to former defendants GEICO Corporation, GEICO County Mutual Insurance Company, and GEICO Marine Insurance Company. ECF No. 1. On May 17, 2023, Plaintiffs filed an amended complaint, which, among other things, removed GEICO Corporation, GEICO County Mutual Insurance Company, and GEICO Marine Insurance Company as defendants. ECF No. 8. The amendment was

based on a meet-and-confer between the parties. ECF No. 12 at 2. At the meet-and-confer, the parties agreed to an amendment that entailed removal of a cause of action, identification of the defendants associated with each cause of action, and to "sparse out the defendants in the Parties section of the complaint." *Id.*

On May 30, 2023, the Court held a status conference in part due to its confusion regarding which defendants had appeared in the case and which defendants were properly named. ECF No. 9. According to the parties, the Court's status conference led Plaintiffs to realize they had "inadvertently left" Defendant GEICO Corporation out of the first amended complaint. ECF No. 11 at 3.

The parties met and conferred, and the above-captioned Defendants GEICO Indemnity Company, Government Employees Insurance Company a/k/a GEICO, GEICO General Insurance Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, Berkshire Hathaway Inc., and GEICO Insurance Agency, LLC f/k/a GEICO Insurance Agency, Inc. (together, "Defendants") informed Plaintiffs that they opposed allowing Plaintiffs leave to amend to correct the omission because they had previously contemplated filing a jurisdictional motion to dismiss that is "somewhat dependent on whether GEICO Corporation was added back in." *Id.* The Court suspended Defendants' time to respond to the first amended complaint until the dispute was resolved, *see* May 30, 2023 text order, and the instant motion for leave to file a second amended complaint followed. ECF Nos. 12, 14, 15.

For the reasons set forth herein, the motion will be granted in part and denied in part. Plaintiffs will be afforded leave to file a second amended

Page 2 of 12
Case 2:23-cv-00425-JPS    Filed 08/07/23    Page 2 of 12    Document 16

complaint, but their civil conspiracy claim will be dismissed with prejudice against GEICO Corporation, as well as against Defendants.

1. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Seventh Circuit Court of Appeals has stressed that Rule 15(a)(2) announces a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). Nevertheless, courts may deny leave for a variety of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

With respect to futility, "[d]istrict courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

2. **ANALYSIS**

Plaintiffs move for leave to file a second amended complaint primarily to add GEICO Corporation back as a defendant. ECF No. 12 at 4. However, Plaintiffs also seek to "take th[e] opportunity to add more detail" as to "how this court has personal jurisdiction over defendants," though

they ultimately believe the first amended complaint "speak[s] sufficiently as to jurisdiction." *Id.* at 4–5.[1]

While Plaintiffs neglected to attach a proposed second amended complaint to their moving brief in accordance with the Local Rules, they do so on reply. ECF No. 15-1; *see also* Civ. L.R. 15(b) ("The proposed amended pleading must be filed as an attachment to the motion to amend."); *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (failure to attach a proposed amended complaint "may indicate a lack of diligence and good faith") (quoting *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986)).

Thus, from Plaintiffs' reply and proposed second amended complaint, the Court understands the additional "detail" as to the Court's personal jurisdiction is a citation to Wis. Stat. § 801.11. ECF No. 15 at 6; ECF No. 15-1 at 5. Plaintiffs also add to their proposed second amended complaint the date that they claim they learned the cause of their injury for purposes of their fraud in the inducement claim. ECF No. 15 at 6; ECF No. 15-1 at 17 ("Once their GFR contract was terminated, [Plaintiffs] began doing their own research into what happened and developed a belief that GEICO behaved fraudulently."). These appear to be the only changes between the second amended complaint and the first amended complaint.[2]

---

[1] Plaintiffs note the same as to the original complaint. *Id.* However, the original complaint is irrelevant at this juncture. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citation omitted).

[2] The Court ran a "compare" between the first amended complaint and the proposed second amended complaint to match the new allegations with how Plaintiffs describe them in their briefing. In the future, submission of such a "compare" or "redline" version from the plaintiff would aid the Court with its

Defendants oppose the motion for leave on several bases. First, Defendants argue that the motion should be denied for failure to attach a proposed second amended complaint. ECF No. 14 at 2, 4. Second, and along the same lines, they contend that the motion should be denied for failure to state with specificity what changes Plaintiffs seek by the proposed amendment. *Id.* at 5. Third, they argue that the proposed second amended complaint does not cure jurisdictional deficiencies because, in Plaintiffs' own words, they ultimately believe the first amended complaint "speak[s] sufficiently to jurisdiction." *Id.* at 8; ECF No. 12 at 4–5. Finally, they assert that adding GEICO Corporation back as a defendant should not be permitted because Plaintiffs' claims against GEICO Corporation are futile. ECF No. 14 at 9.

Defendants' first two arguments are non-starters. While it certainly would have been preferable for the proposed second amended complaint to have been attached to the motion, the error was cured on reply. Moreover, the meet-and-confer between the parties did not contemplate the removal of GEICO Corporation as a defendant, so the desired change in this case is largely obvious, and the omission is not an attempt to obfuscate.

In at least one case that Defendants cite to support their plea for denial on this basis, the court afforded the plaintiff an opportunity to cure by submitting the proposed amended complaint. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 804 (7th Cir. 2015). Others involve amendment on Rule 59(e) motions for reconsideration and are procedurally inapposite or involve violations of local rules on summary judgment—not local rules on

---

analysis and is within the spirit of Civil Local Rule 15(b). In general, the Court hopes that Plaintiffs' oversights thus far in the litigation do not continue.

amendment, which the Seventh Circuit instructs carries with it a "liberal amendment policy." *Runnion*, 786 F.3d at 521; *see also Hecker v. Deere & Co.*, 556 F.3d 575, 590 (7th Cir. 2009) (analyzing proposed amendment on Rule 59(e) motion); *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (dismissal, or denial of motion, permissible for violation of local rules on summary judgment). The same holds true as to Defendants' second argument; the reply makes clear what new detail, to the extent not already obvious, is proposed to be added to the second amended complaint. If Defendants wished to raise additional arguments in response to the proposed second amended complaint submitted on reply, they could have moved for leave to file a sur-reply.

Next, to the extent Defendants argue that Plaintiffs' amendment is unnecessary because Plaintiffs do not explain how adding the detail regarding Wis. Stat. § 801.11 cures any jurisdictional deficiencies, this argument fails for several reasons.

First, other than stating their intent to file a motion to dismiss based on jurisdiction and that the motion is "somewhat dependent on whether GEICO Corporation [i]s added back in," Defendants have not represented the basis of their anticipated motion to dismiss based on jurisdiction. ECF No. 11 at 3; ECF No. 15 at 5–6 ("Plaintiffs do not know what the defendants' actual jurisdiction-based arguments will be . . . . In an effort to comply with this court's standing order to make preemptive amendments, and based on whispers from the defendants that they might make a motion to dismiss GEICO Corp. based on jurisdiction, plaintiffs offered to clarify the jurisdictional allegations as to GEICO Corp.").

As the Court understands it, then, Defendants argue that Plaintiffs should not be entitled to add more detail as to jurisdiction at all, while

simultaneously flaunting an amorphous jurisdictional defense. Defendants may not have their cake and eat it too. Courts that deny leave to amend for failure to identify how the amendment resolves deficiencies examine "whether the plaintiffs knew of faults with their complaint." *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018) (citing *Gonzalez-Koeneke*, 791 F.3d at 806 and *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). Typically, those courts "look only to decisions of the court to determine" the plaintiffs' knowledge of weaknesses in their pleadings. *Id.* (citations omitted). Defendants' vague reference to jurisdiction is insufficient to put Plaintiffs on notice of what the precise deficiency to be cured is and does not support denial of leave to amend on that basis.

Second, the amendment *is* necessary to cure deficiencies Defendants have specifically identified not as to jurisdiction, but as to the elements of one of Plaintiffs' two claims against GEICO Corporation: fraud in the inducement. ECF No. 15-1 at 20.

Defendants assert that the fraud in the inducement claim is time barred and, therefore, adding GEICO Corporation back would be futile. ECF No. 14 at 9. However, as Defendants note, "[t]he accrual date for claims of fraud is 'when the plaintiff[s] discovered or, in the exercise of reasonable diligence, should have discovered'" that the defendant's alleged fraud was a cause of their injuries. *Id.* (quoting *John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, ¶ 2 (Wis. 2007)). Plaintiffs plead in the proposed second amended complaint that they learned of Defendants' alleged fraud "[l]ater" than March 31, 2020. ECF No. 15-1 at 17. Taking this allegation as true, which the Court must in determining the futility of amendment, *McCoy*, 760 F.3d at 685, the claim is not time barred. Wis. Stat. § 893.93(1m)(b) (three-

year statute of limitations for fraud claims). Under Wisconsin law, therefore, the claim may proceed, and amendment is not futile. *John Doe 1*, 734 N.W.2d, ¶ 2 (the determination of when the plaintiffs "discovered or, in the exercise of reasonable diligence, should have discovered" that the defendant's "alleged fraud was a cause of their injuries" "cannot be resolved by a motion to dismiss the complaints") (quoting *John BBB Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94, ¶ 48 (Wis. 1997)).

Defendants also contend that Plaintiffs cannot maintain a civil conspiracy claim against GEICO Corporation and, therefore, adding GEICO Corporation back would be futile. ECF No. 14 at 11. On this point, the Court agrees. In *Ford Motor Co. v. Lyons*, the Wisconsin Court of Appeals held that the doctrine set forth in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)—that "a parent corporation and its wholly owned subsidiary were unable to conspire within the meaning of § 1 of the Sherman Act"—extended not only to Wisconsin's counterpart to the Sherman Act, but also to conspiracy claims with "an economic basis." 405 N.W.2d 354, 366–68 (Wis. Ct. App. 1987) (citing *Gerol v. Arena*, 377 N.W.2d 618, 622 (Wis. Ct. App. 1985)).

Plaintiffs' conspiracy claim undoubtedly has an economic basis. Plaintiffs seek to distinguish *Ford* with *Brew City Redevelopment Group, LLC v. Ferchill Group*, 724 N.W.2d 879 (Wis. 2006). There, the Wisconsin Supreme Court held that the defendants, a combination of individuals and corporations that were joint ventures, affiliates, members, or the like of one another, lacked the "unity of interest[]" that the parent corporation and wholly owned subsidiary had in *Ford*. *Id.* at ¶¶ 8, 46–50.

Plaintiffs' argument is not persuasive. Defendants represent to the Court that they and GEICO Corporation are all wholly-owned subsidiaries

of one another in some capacity, up the chain to Defendant Berkshire Hathaway, Inc. ECF No. 13. Simply put, the relationship has the "unity of interest" contemplated by *Ford*—not one of a mere affiliate or member. *See Sigler v. GEICO Cas. Co.*, No. 118CV01446MMMJEH, 2019 WL 2130137, at *1 (C.D. Ill. May 15, 2019), *aff'd*, 967 F.3d 658 (7th Cir. 2020) ("Each subsidiary is wholly owned by GEICO Corporation and there is a unity of interest and ownership between them and their parent company.");[3] *cf. Lane v. Sharp Packaging Sys., Inc.*, 635 N.W.2d 896, ¶¶ 22, 23 (Wis. Ct. App. 2001) ("[A]s a matter of law, a corporation and its wholly owned subsidiary are incapable of engaging in a conspiracy . . . . Unlike Ford Motor and its subsidiary, Niebler is a legal entity distinct and separate from Sharp and the Scarberrys.") (citing *Ford*, 405 N.W.2d at 430).[4]

---

[3]To the extent Plaintiffs argue that the unity of interest analysis turns not on the relationship between the entities, but rather on the "uniformity of the . . . GFR agreement and relationship," ECF No. 15 at 8, neither *Sigler* nor *Ford* support that such a distinction is dispositive in the face of the parent/subsidiary relationship, and Plaintiffs do not cite any case law indicating the contrary. *See, e.g., Sanchelima Int'l, Inc. v. Wabash Nat'l Corp.*, No. 18-CV-31-JDP, 2018 WL 3848433, at *5 (W.D. Wis. Aug. 13, 2018) ("Under [the intracorporate conspiracy] doctrine, a parent corporation and its wholly owned subsidiary 'have a complete unity of interest[.]'") (quoting *Brew City*, 724 N.W.2d, ¶¶ 47–48).

[4]Parenthetically, the Court agrees with Defendants that the proposed second amended complaint lacks sufficient facts as to an "agreement, explicit or otherwise, between the alleged conspirators." ECF No. 14 at 12 (quoting *Medline Indus., Inc. v. Diversey, Inc.*, 563 F. Supp. 3d 894, 920 (E.D. Wis. 2021)). In their reply, Plaintiffs argue that "it is plausible that GEICO Corp., through its agent(s), met and agreed with the other defendants to provide false projections to plaintiffs in order to induce them to open the Wisconsin Franchise and to commit other violations of the WFIL." ECF No. 15 at 9. But the proposed second amended complaint does not plead any allegations regarding any such meeting, the role each Defendant had in the conspiracy, how the alleged agreement was made between those Defendants, or the like. It therefore reads more like a legal conclusion or "a fishing expedition in search of a viable cause of action." *Vexol S.A.*

Therefore, amendment as to Plaintiffs' civil conspiracy claim is futile, and the claim is further subject to dismissal with prejudice. The dismissal will operate as to all Defendants currently named as well as GEICO Corporation. The Court sees no reason to keep a claim for which amendment would be futile against all Defendants in the suit, waiting for a motion to dismiss, when it can be addressed on the motion to amend.

3. **CONCLUSION**

As set forth above, the Court grants in part and denies in part Plaintiffs' motion for leave to file their proposed second amended complaint. ECF No. 12. Plaintiffs shall file a second amended complaint within **ten (10) days of this Order** reflecting the changes in the proposed second amended complaint filed at ECF No. 15-1, but with the civil conspiracy claim removed, as that claim stands dismissed with prejudice. Defendants (plus Defendant GEICO Corporation, who shall be re-added to the action with the second amended complaint), shall respond to the second amended complaint within **twenty-one (21) days of its filing**. Now that the matter of the appropriate parties to be named has been adjudicated, the parties must submit their joint Rule 26(f) plan, as set forth in the Court's revised pretrial order, ECF No. 10, within **fourteen (14) days of this Order**.

Accordingly,

**IT IS ORDERED** that Plaintiffs Balmurali Rajaraman, Jacqueline Hill, and ANRI Insurance Agency, Inc.'s motion for leave to file their

---

*De C.V. v. Berry Plastics Plastics Corp.*, No. 315CV00055TWPMPB, 2016 WL 4506877, at *5 (S.D. Ind. Aug. 29, 2016).

proposed second amended complaint, ECF No. 12, be and the same is hereby **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that Count III of Plaintiffs Balmurali Rajaraman, Jacqueline Hill, and ANRI Insurance Agency, Inc.'s first amended complaint, ECF No. 8 at 21–22, titled "Civil Conspiracy," be and the same is hereby **DISMISSED with prejudice** as against Defendants GEICO Corporation, GEICO Indemnity Company, Government Employees Insurance Company a/k/a GEICO, GEICO General Insurance Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, Berkshire Hathaway Inc., and GEICO Insurance Agency, LLC f/k/a GEICO Insurance Agency, Inc.;

**IT IS FURTHER ORDERED** that Plaintiffs Balmurali Rajaraman, Jacqueline Hill, and ANRI Insurance Agency, Inc. file a second amended complaint as described within **ten (10) days of this Order**;

**IT IS FURTHER ORDERED** that Defendants GEICO Corporation, GEICO Indemnity Company, Government Employees Insurance Company a/k/a GEICO, GEICO General Insurance Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, Berkshire Hathaway Inc., and GEICO Insurance Agency, LLC f/k/a GEICO Insurance Agency, Inc. file their response to Plaintiffs' second amended complaint within **twenty-one (21) days of its filing**; and

**IT IS FURTHER ORDERED** that the parties submit their joint Federal Rule of Civil Procedure 26(f) plan, as set forth in the Court's revised pretrial order, ECF No. 10, within **fourteen (14) days of this Order**.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge