UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BALMURALI RAJARAMAN a/k/a
BALA, JACQUELINE HILL, and ANRI
INSURANCE AGENCY, INC.,

Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY a/k/a GEICO,

Defendant.

Case No. 23-CV-425-JPS

**ORDER**

---

On May 15, 2024, Defendant filed a motion for summary judgment. ECF No. 46. Despite Defendant's assertion in its certificate of conferral that the motion was filed "[p]ursuant to the Court's Pretrial Procedures Order For Civil Cases Pending Before U.S. District Judge J.P. Stadtmueller," ECF No. 49 at 1, the motion did not comply with the Court's pretrial procedures. For example, the motion was not preceded by an executive summary, it was not accompanied by stipulated statements of agreed-upon and disputed facts, and there were no joint proposed jury instructions. ECF No. 10 at 5–9.

Instead, Defendant certified that it had "shared the factual and legal reasons supporting [its] decision" to file a motion for summary judgment with Plaintiffs, quoting a portion of the Court's pretrial order that pertains to motions to dismiss. ECF No. 49 at 2 (quoting ECF No. 10 at 2). Defendant thus knows how to read the Court's pretrial order but neglected in this instance to read it in its entirety. *See also, e.g.*, ECF No. 23 (Defendant's

proposed jury instructions filed with its motion to dismiss); ECF No. 56-2 at 2 (Defendant's email quoting the pretrial order with respect to the parties' obligation to file an interim settlement report). This neglect is particularly frustrating in this case because the Court held a formal conference with the parties shortly after the case was filed to discuss the pretrial order, and the Court's staff has fielded many questions from the parties about the pretrial order in the interim. ECF No. 9 at 1 (Court's directive that the parties' "first order of business is to read [the] amended protocols"); ECF No. 10 at 11 ("The parties are encouraged to contact chambers should they have any questions about the matters addressed herein.").

On May 16, 2024, the Court denied Defendant's motion for summary judgment without prejudice, holding that "[s]hould Defendant wish to refile the motion, it must move for leave to do so, attaching thereto the required joint executive summary, joint statement of facts, joint proposed jury instructions, a proposed brief in support of the motion, and all other supporting documents." May 16, 2024 Text Only Order. The next day, Defendant sent Plaintiffs a draft executive summary and draft proposed jury instructions. ECF No. 52-1 at 39. Defendant apparently did not send Plaintiffs a draft proposed stipulated statement of agreed-upon facts until June 8, 2024. *Id.*; ECF No. 52-1 at 134.

On July 17, 2024, Defendant moved to modify the scheduling order to extend the dispositive motions deadline and to set a date for the close of fact discovery. ECF No. 51. In light of certain representations in that motion, namely that Plaintiffs had refused to concede to uncontroversial facts and had used discovery disputes to delay finalizing the executive summary and statement of agreed-upon facts, the Court ordered Plaintiffs to show cause

why this case should not be dismissed for failure to follow the Court's orders. ECF No. 52 at 7–8; ECF No. 10 at 7 (explaining meet-and-confer requirement and the Court's prerogative to "determine the appropriate remedy for a party's refusal to follow the Court's directives"); July 17, 2024 Text Only Order. The Court also ordered both Plaintiffs and Defendant to show cause why the Court should not invoke Local Rule 83(c)(3) and require the parties to retain local counsel familiar with this Court's protocols. July 17, 2024 Text Only Order.

Plaintiffs' response to the show-cause order reveals that much of the parties' inability to agree on an executive summary and a stipulated statement of agreed-upon facts boils down to a fundamental misunderstanding of the Court's pretrial order. Plaintiffs explain that they understood the executive summary as "the only opportunity to state facts upon which Plaintiff might base its objections to the MSJ." ECF No. 54 at 5. This is incorrect. The executive summary is intended principally to be an indicator of "whether the parties have completed sufficient discovery to support a motion for summary judgment," while the stipulated statement of agreed-upon facts is to serve as the fact statement for purposes of summary judgment. ECF No. 10 at 5. In the typical case, the executive summary would have been filed approximately 40 days before the summary judgment motion. ECF No. 10 at 5. The stipulated statement of agreed-upon facts would be filed with the motion. *Id.* at 7.

However, Plaintiffs are not entirely to blame for this misunderstanding; it appears that the parties had been working only on the executive summary for some time before Defendant changed face and initiated work on the stipulated statement of agreed-upon facts prior to the parties reaching any agreement on the executive summary. ECF No. 55 at

5; ECF No. 52-1 at 156–72. Indeed, Defendant ostensibly intended to file an executive summary in advance of a motion for leave to file a motion for summary judgment, but then evidently later changed tack. ECF No. 55-7 at 3; ECF No. 52-1 at 159. This misunderstanding between the parties explains much of the parties' disagreements and inabilities to meet and confer as to the facts. ECF No. 52-1 at 81, 90–100, 102, 134, 156–57.

Plaintiffs' response to the show-cause order, together with some of the facts set forth in Defendant's underlying motion to extend the dispositive motions deadline, also reveals that Plaintiffs have not used discovery disputes to delay finalizing their portions of the summary judgment submissions. Rather, the full picture shows that the state of discovery in this case is—and has consistently been—incomplete, which explains the remainder of the parties' disagreements and inabilities to meet and confer as to the facts.

First, a bit of background. The Court granted in part and denied in part Defendant's motion to dismiss on October 31, 2023. ECF No. 28. Over two months later, on January 16, 2024, Defendant noticed the depositions of the two named individual plaintiffs to take place in mid-February 2024. ECF No. 52-1 at 2. At that time, the dispositive motions deadline was still set for March 1, 2024. ECF No. 19; January 30, 2024 Text Only Order (granting extension of dispositive motions deadline until May 15, 2024). Thus, the 45-day meet-and-confer timeline contemplated by the Court's pretrial order could not have timely taken place, and Defendant more than likely would not have had the discovery it needed to file a motion for summary judgment by the original deadline. ECF No. 47 (Defendant's May 15, 2024 submission, which cites extensively to the depositions of the two named individual plaintiffs); ECF No. 46 at 2 (Defendant's May 15, 2024

submission stating that "[m]uch of the evidence on which Defendant's motion for summary judgment is based was not available to Defendant until approximately nine days ago.").

After the summary judgment deadline was extended to May 15, 2024 and after the Court denied Defendant's motion without prejudice—specifically, between May 23, 2024 and May 30, 2024—the parties were still completing depositions. ECF No. 55-7; ECF No. 56 at 7. They were also still exchanging document discovery. ECF No. 55-7 at 4; ECF No. 56 at 8. The discovery process, as well as associated discovery disputes, were still ongoing on June 14, 2024 after Defendant sent Plaintiff its draft proposed agreed-upon statement of facts. ECF No. 55-10 at 2–3; ECF No. 55-11; ECF No. 56-1. At that time, Plaintiffs correctly identified the nuances between the executive summary and the stipulated statement of agreed-upon facts when it explained to Defendant its difficulty completing the summary judgment submissions: the former allows the Court to "address inadequate completion of discovery" prior to parties' submission of the latter. ECF No. 55-10 at 2; ECF No. 10 at 7. Despite the discovery issues, Plaintiffs continued to endeavor to send edits to Defendant and to join meet-and-confer calls. ECF No. 55 at 2–9.

Accordingly, the Court does not find that Plaintiffs used discovery to delay work on the summary judgment materials, but rather that the state of discovery itself simply did not allow for preparation of the materials. Neither party was prepared to file or oppose a motion for summary judgment by the May 15, 2024 deadline, and that is still the case today. While there is no "blanket prohibition" on considering motions for summary judgment before discovery has been completed, the Federal Rules of Civil Procedure include a mechanism whereby the nonmovant may

show that the lack of discovery prevents it from adequately opposing the motion. *Spierer v. Rossman*, No. 1:13-CV-00991-TWP, 2014 WL 4908023, at *4 (S.D. Ind. Sept. 30, 2014), *aff'd*, 798 F.3d 502 (7th Cir. 2015) (citing *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843–44 (11th Cir. 1989) and Fed. R. Civ. P. 56(d)).

The Court devised the executive summary requirement in part to head off this problem. The Court's requirement allows it to ensure that not only has the discovery necessary to support the summary judgment motion been completed, but also that the discovery of "any facts . . . reasonably expected to create a genuine issue of material fact" has been completed. *Id.* (quoting *Buquer v. City of Indianapolis*, No. 1:11-cv-00708-SEB, 2012 WL 829666, at *2 (S.D. Ind. Mar. 9, 2012)). At a minimum, the parties are still engaging in discovery and ironing out disputes over the operative contract in this case and communications between the parties relevant to the fraud in the inducement and intentional misrepresentation claims, as well as the application of the discovery rule for purposes of the statute of limitations. ECF No. 54 at 10–11 (arguing that fully-executed contract and documents that may have been incorporated therein have not been produced); ECF No. 56-1 (deficiency letter as to communications); ECF No. 48 (Defendant's May 16, 2024 submission largely relying on testimony relevant to the discovery rule).

These discovery disputes are of the nature that Defendant was and is unable to adequately support a summary judgment motion and Plaintiffs are unable to adequately oppose one. In other words, if all pertinent communications and contractual documents have not been unearthed in this litigation, neither the parties nor the Court can ascertain when Plaintiffs' claims accrued or when and if the discovery rule applies as to

each communication and document subject to each claim. Applying the discovery rule requires an analysis of when the plaintiff "discovered or, in the exercise of reasonable diligence, should have discovered *all* of the elements of its claim," not just one element such as, for example, accuracy of a misrepresentation. *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1018 (E.D. Wis. 2010) (citation omitted) (emphasis added); *see generally* ECF No. 48; *see also Bakery Bling v. Matrix Packaging Mach., LLC*, 685 F. Supp. 3d 718, 742 (E.D. Wis. 2023) (elements of intentional misrepresentation include the defendant's knowledge and intent) (quoting *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, ¶ 12 (Wis. 2005)). Equally compelling is the unresolved issue of whether joining the bankruptcy trustee defeats any statute of limitations issue. ECF No. 54 at 12–13; ECF No. 57 at 11–15.

These conclusions leave the Court to turn to the underlying motion to modify the scheduling order to extend the dispositive motions deadline and set a fact discovery deadline. ECF No. 51. Even construing the motion as one to modify the scheduling order under Rule 16(b)(4)—and not an untimely motion to extend the deadline, which carries a higher burden under Rule 6(b)(1)(B)—Defendant has not shown good cause for a modification. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.") (citing *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Defendant argues that good cause exists due to its diligence in the face of Plaintiffs' obstruction. However, for the reasons set forth above, Plaintiffs did not obstruct Defendant's efforts to complete the summary judgment materials.

Moreover, Defendant has not consistently comported itself diligently. It is inconceivable that Defendant asserts that it did not know to check for any individual rules of this Court in the pretrial order, ECF No. 52-1 at 4, when it has repeatedly been reminded to do so—and demonstrated that it knows how to do so—throughout this case. Defendant maintains that the only rules it knew to check were this District's Local Rules and the Federal Rules of Civil Procedure, with which its motion complies. *Id.* However, this District's Local Rules, like this Court's procedures, contemplate a meet-and-confer process in which the parties discuss fact stipulations prior to filing the motion. Civ. L.R. 56(b)(1)(B). And after the Court denied Defendant's May 15, 2024 motion for summary judgment, Defendant's primary concern has been completing the summary judgment submissions as quickly as possible, rather than in completing discovery and submitting a thorough and well-prepared set of submissions to the Court. ECF No. 52-1 at 39, 103, 134. Diligence is not synonymous with speed.

As to Defendant's request for a fact discovery deadline, the Court's trial scheduling order, which references the Local Rules, already sets a fact discovery deadline. ECF No. 19 at 2 ("Unless otherwise specified, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules."); Civ. L.R 26(c) ("Unless the Court orders otherwise, all discovery must be completed 30 days before the date on which trial is scheduled."). The parties were not able to complete sufficient discovery to support or oppose a motion for summary judgment, but they have time to complete discovery in advance of the trial in this matter. A trial scheduling order will be entered in due course. For these reasons, the Court will deny Defendant's motion to modify the scheduling

order to extend the dispositive motions deadline and set a fact discovery deadline.

The Court next takes up Plaintiffs' passing references to moving to amend the complaint. ECF No. 54 at 10–11. Plaintiffs have amended their complaint three times already in this case, which has been pending for almost 16 months. ECF Nos. 8, 17, 29. As the Court previously noted when it granted Plaintiff leave to file a second amended complaint, "courts may deny leave for a variety of reasons, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . .'" ECF No. 16 at 3 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As much as it would prejudice Plaintiffs—and delay proceedings in this Court—for Defendant to proceed with summary judgment when discovery has not been completed, it would highly prejudice Defendant if Plaintiffs are permitted leave to amend their complaint for a fourth time at this juncture. Although Plaintiffs have not formally so moved, any further amendment will not be permitted.

Finally, the Court will invoke Local Rule 83(c)(3). As noted, a trial scheduling order will be entered in due course, and the Court will require the parties to retain local counsel familiar with this Court's protocols. Both Plaintiffs and Defendant must retain local counsel, who shall file a notice of appearance within **twenty-one (21) days** of this Order.

Accordingly,

**IT IS ORDERED** that Defendant's motion to modify the scheduling order to extend the dispositive motions deadline and set a fact discovery deadline is **DENIED**; and

**IT IS FURTHER ORDERED** that both Plaintiffs and Defendant retain local counsel familiar with this Court's protocols in accordance with Local Rule 83(c)(3); such local counsel shall **FILE** a notice of appearance within **twenty-one (21) days** of this Order.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge